THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEYWUAN MELVIN, #M43392, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:25-cv-01824-GCS |
| | ) | |
| C/O CARLISLE, C/O JOHNSON, | ) | |
| C/O STOVER, LT. CLARK, | ) | |
| SGT. BRIDWELL, MARSH, | ) | |
| ROBINSON, SGT. HOLLIS, | ) | |
| C/O STARK, C/O NARSH, | ) | |
| C/O COOPER, C/O EMMAS, and | ) | |
| DR. BELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Keywuan Melvin is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center. He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff claims Defendants were deliberately indifferent to his serious mental health and medical conditions. He now seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, Wexford Health Sources, and the IDOC.

legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on March 26, 2025, he was placed on crisis watch for a mental breakdown because he felt homicidal and suicidal. (Doc. 1, p. 9). Defendant Robinson (mental health provider) removed Plaintiff from crisis watch the next day without researching why he was placed there. Plaintiff returned to his regular cell and swallowed a pair of rusty nail clippers. He reported this to Defendant C/O Carlisle, who did nothing. Plaintiff told Defendant C/O Johnson, who about an hour later, cuffed Plaintiff and took him to another cell for a crisis evaluation. (Doc. 1, p. 9-10).

Plaintiff told Defendants Sgt. Hollis and Sgt. Stover he swallowed the nail clippers. Defendants Lt. Clark and Stover did not take Plaintiff to Health Care, instead moving him to Plaintiff to "R-5-B crisis." Plaintiff was strip searched, cuffed, and shackled. Stover ran a metal detector over Plaintiff's body. When the detector beeped, Stover and an unknown C/O made sexual comments asking if Plaintiff had nipple piercings. Plaintiff responded he did not; it was the nail clippers he had swallowed. He requested a nurse, but Stover refused.

On the next shift, Plaintiff asked Defendant C/O Emmas for medical attention for the nail clippers he swallowed, but Emmas refused. (Doc. 1, p. 10). The next day (March 28, 2025), Plaintiff told Defendants Sgt. Bridwell, C/O Narsh, and C/O Cooper he was

throwing up blood because he swallowed nail clippers. Bridwell opened Plaintiff's cell, pointed a can of pepper spray at him, and said the only way he would get a nurse is if Plaintiff let Bridwell spray him. (Doc. 1, p. 10-11). These defendants did not summon medical help and apparently did not use the pepper spray on Plaintiff.

Robinson conducted Plaintiff's crisis evaluation. Plaintiff explained he swallowed nail clippers and requested help, but Robinson did nothing. On the next shift, Plaintiff asked Defendant C/O Stark for medical attention but received none. Plaintiff continued to ask various officers and nurses for medical attention from March 27, 2025, through March 30, 2025, to no avail, because he was vomiting and defecating blood.

In the morning of March 31, 2025, Defendant Marsh (mental health provider) evaluated Plaintiff. (Doc. 1, p. 11). Marsh told Plaintiff she would help him get medical attention, but none was provided. Around 10:00 a.m., Plaintiff had a virtual appointment with Defendant Dr. Bell (mental health provider). He explained he was not doing well because he swallowed the nail clippers, and nobody was helping him. Dr. Bell responded that was not her problem and dismissed Plaintiff. Fifteen minutes later, Plaintiff was released from crisis hold and returned to his housing unit. (Doc. 1, p. 11-12).

Soon thereafter, Sgt. Belcher sent Plaintiff to Health Care for an x-ray, which showed the nail clippers were in his stomach. (Doc. 1, p. 12). Plaintiff was sent back to his housing unit. On April 6, 2025, Plaintiff passed the nail clippers along with lots of blood.

### DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

**Count 1:** Eighth Amendment deliberate indifference to serious medical condition claim against Carlisle, Johnson, Stover, Clark, Bridwell, Marsh, Robinson, Hollis, Stark, Narsh, Cooper, Emmas, and Bell for failing to summon emergency medical attention for Plaintiff between March 26, 2025, and March 31, 2025, after he swallowed a pair of rusty nail clippers.

**Count 2:** Eighth Amendment deliberate indifference to serious mental health condition claim against Robinson for removing Plaintiff from crisis watch prematurely on March 27, 2025, when he was suicidal.

**Count 3:** Eighth Amendment cruel and unusual punishment claim against Stover for making sexual comments to Plaintiff on March 27, 2025.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Preliminary Dismissals

Plaintiff describes claims against individuals (a John Doe C/O and Jane Doe nurses) who are not listed in the case caption or among the defendants. (Doc. 1, p. 1-5, 14-15). The Court will not treat parties not listed in the caption as defendants. Thus, any claims against these individuals are dismissed without prejudice. *See, e.g.*, FED. R. CIV. PROC. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v.*

---

[2]     *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

*United States*, 416 F.3d 551, 551-552 (7th Cir. 2005) (noting that to be properly considered a party a defendant must be "specif[ied] in the caption.").

Plaintiff claims several defendants committed "official misconduct." While this may be a crime under state law, it does not amount to a federal constitutional claim that may be brought under § 1983 and will not be addressed further. *See Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied*, 489 U.S. 1065 (1989).

**Count 1**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Deliberate indifference is demonstrated where a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff describes an objectively serious medical condition resulting from having swallowed rusty nail clippers to harm himself. His allegations are sufficient to state a deliberate indifference claim against each defendant. Plaintiff claims he told Carlilse, Johnson, Hollis, Stover, Clark, Emmas, Robinson, Stark, Marsh, and Bell that he had ingested this foreign object and requested medical attention, but each took no action to obtain medical assistance for Plaintiff. When Plaintiff's condition worsened to the point he was throwing up blood, he allegedly told Bridwell, Narsh, and Cooper about this

symptom and sought help, but he claims they also failed to send him for medical evaluation or treatment.

Count 1 will therefore proceed against Carlisle, Johnson, Stover, Clark, Bridwell, Marsh, Robinson, Hollis, Stark, Narsh, Cooper, Emmas, and Bell.

## Count 2

Plaintiff's allegations also support a claim that he was suffering from a serious mental health condition when he was placed on crisis watch for suicidal and homicidal feelings on March 26, 2025. He asserts that Robinson was deliberately indifferent to his condition when she took him off crisis watch on March 27, 2025, after less than 24 hours "without doing any research" about his condition. (Doc. 1, p. 9). Plaintiff, however, does not set forth any factual basis for this conclusion. At worst, he describes negligence or possibly malpractice on Robinson's part, which does not violate the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Notably, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Accordingly, Count 2 will be dismissed for failure to state a claim upon which relief may be granted.

## Count 3

Verbal harassment, even of a sexual or racial nature, generally does not constitute cruel and unusual punishment. *See Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated on other grounds by Savory v. Cannon, 947 F.3d 409, 423 (7th Cir. 2020).

However, sexual harassment accompanied by physical conduct, and/or which places the inmate at risk of harm, may be actionable under the Eighth Amendment. *See Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). *See also Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) (noting verbal sexual harassment and suggestive gestures that arguably placed plaintiff at greater danger of assault by other prisoners and allegedly caused inmate to seek mental health care for psychological trauma, stated viable Eighth Amendment claim).

In this case, Plaintiff describes a single encounter where he was in the shower area for a strip search. Stover's metal detector beeped, and he asked Plaintiff whether he had nipple piercings. Plaintiff's factual allegations do not indicate the comments were overheard by other prisoners, placed him in danger of assault, or caused him mental distress. This incident does not rise to the level of an Eighth Amendment violation, thus Count 3 will be dismissed.

## DISPOSITION

The Complaint states colorable claims in Count 1 against Carlisle, Johnson, Stover, Clark, Bridwell, Marsh, Robinson, Hollis, Stark, Narsh, Cooper, Emmas, and Bell. Counts 2 and 3 are **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk shall prepare for C/O Carlisle, C/O Johnson, C/O Stover, Lt. Clark, Sgt. Bridwell, Marsh, Robinson, Sgt. Hollis, C/O Stark, C/O Narsh, C/O Cooper, C/O Emmas, and Dr. Bell: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to

Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 12, 2026.**

Gilbert C Sison

Digitally signed by
Gilbert C Sison
Date: 2026.03.12
14:51:35 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.